UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                            Crim. Case No. 90-80492

QUENTIN BURT,                              HON. AVERN COHN

    Defendant/Petitioner.
_____/

## ORDER TRANSFERRING MOTION TO VACATE UNDER 28 U.S.C. § 2255 TO THE SIXTH CIRCUIT COURT OF APPEALS

In 1990, Defendant/Petitioner Quentin Burt was convicted by a jury of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, aiding and abetting the use and carrying of machine guns during drug trafficking in violation of 18 U.S.C. §§ 2 and 924(c), using and carrying non-machine gun firearms during drug trafficking in violation of 18 U.S.C. § 924(c), aiding and abetting the unlawful possession of unregistered machine gun in violation of 26 U.S.C. § 5861(d) and 18 U.S.C. § 2, and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Prior to sentencing, Court vacated Petitioner's conviction on the § 924(c) count that did not involve machine guns. Petitioner was sentenced to 495 months imprisonment.[1] The Court of Appeals for the Sixth Circuit affirmed Petitioner's conviction and sentence. United States v. Sims, 975 F.2d 1225 (6th Cir. 1992).

Before the Court is Petitioner's "Motion to Vacate Count I" (Doc. 439). As will be

---

    [1]In 2017, Petitioner's sentence was reduced to 120 months on Counts 1, 4, and 7 to run concurrent. See Doc. 438.

explained, because Petitioner has filed prior motions to vacate, the motion must be transferred to the Sixth Circuit for a determination of whether Petitioner may pursue the grounds raised in the motion.

II.

In 1992, after the Sixth Circuit affirmed his conviction and sentence, Petitioner filed a joint motion to vacate under § 2255 with his co-defendants. In September of 1993, Petitioner filed a separate § 2255 motion. The Court denied both motions. See Order filed November 9, 1993.

On January 11, 1995, Petitioner filed another § 2255 motion which the Court denied. See Order filed February 6, 1995. Petitioner appealed. The Sixth Circuit affirmed. Burt v. United States, 1995 WL 603317 (6th Cir. Oct. 12, 1995).

In December of 1996, Petitioner filed a fourth § 2255 motion. The Court denied the motion and a certificate of appealability. See Memorandum and Order filed June 14, 1999 and Order Denying Certificate of Appealability filed July 21, 1999. The Sixth Circuit also denied a certificate of appealability. Burt v. United States, No. 99-1895 (6th Cir. Feb. 8, 2000).

On June 4, 2001, Petitioner filed a motion to file a second or successive § 2255 motion in the Sixth Circuit. While that motion was pending, Petitioner filed a motion under § 2241 in the district court. The Sixth Circuit denied Petitioner's motion. In re Quentin Burt, No. 01-1750 (6th Cir. Nov. 2, 2001).

On March 6, 2002, the Court denied the § 2241 motion. See Opinion and Order Granting Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus. Petitioner appealed. The Sixth Circuit affirmed. Burt v. United States, 2003 WL244997 (6th Cir. Jan.

29. 2003).

In 2004, Petitioner filed a "Memorandum and Support of Motion to Vacate or Correct Sentence Under 28 U.S.C. § 2255." That motion was Petitioner's fifth § 2255 motion and seventh attempt to obtain collateral review of his conviction. The Court transferred the motion to the Sixth Circuit. (Doc. 415). The Sixth Circuit denied permission to pursue the motion. See Doc. 417.

Now Petitioner has filed his sixth § 2255 motion, contending he is entitled to a reduction in his sentence "in the interest of fairness."

III.

Before a successive motion to vacate sentence is filed in a federal district court, a Petitioner must first file a motion with the appropriate court of appeals requesting permission to file a second or successive motion to vacate sentence. 28 U.S.C. § 2244(b)(3); see also In Re Hanserd, 123 F.3d 922, 934 (6th Cir. 1997). Where, as here, a successive motion to vacate sentence is erroneously filed with the district court, the district court is required to transfer the motion to the court of appeals under 28 U.S.C. § 1631. Id.(citing In Re Sims, 111 F.3d 45, 47 (6th Cir. 1997)).

Accordingly, the motion is TRANSFERRED to the Sixth Circuit under 28 U.S.C. § 1631 for a determination of whether Petitioner is entitled to a certificate of authorization to file a successive motion to vacate sentence under 28 U.S.C. § 2255.

SO ORDERED.

S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: June 21, 2018
     Detroit, Michigan