UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                      Case Number 90-80492

v.                                              Honorable David M. Lawson

QUINTIN BURT,

                Defendant.

_____/

## ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE

Defendant Quintin Burt has filed a motion asking the Court to resentence him to time served under the authority of the compassionate release provision of 18 U.S.C. 3582(c)(1)(A)(i), as amended by section 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239 based on the extraordinary and compelling reasons presented by his medical conditions in the context of the COVID-19 pandemic. The government filed a response, indicating it concurs in the relief requested and agrees to a reduction in sentence to time served plus fourteen days, to permit a pre-release quarantine. The motion will be granted.

I.

In 1990, at the age of 21, Burt, along with others, was convicted by a jury of conspiracy to possess, with an intent to distribute 15 kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and using or carrying a firearm in relation to a drug offense, in violation of 18 U.S.C. § 924(c). The Honorable Avern Cohn sentenced Burt to 135 months for the drug charge and 360 months for the firearm charge, for a total of 41 years. His conviction and sentence were affirmed on appeal. *United States v. Sims*, 975 F.2d 1225 (6th Cir. 1992). Burt later received a 15-month reduction in his sentence under the First Step Act.

Burt is 51 years old and of African-American descent.  He is incarcerated at Ashland FCI in Ashland, Kentucky, a facility with one confirmed case of staff recovery from COVID-19.  He has served almost three decades in prison, approximately 75% of his sentence, and has a projected release date of August 23, 2024.  He has a good prison record, has completed several educational courses, and is considered a low recidivism risk.  He suffers from the following medical conditions, for which he has been prescribed medications:  type II diabetes; high blood pressure; and moderate kidney disease.  If released, Burt says he will reside with his wife in Southfield, Michigan.

## II.

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'"  *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).  "But that rule comes with a few exceptions, one of which permits compassionate release."  *Ibid.*  "The request may come through a motion in federal court filed by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A).  Or it may come through a motion filed by the inmate after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoner]'s behalf' or after 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier.'"  *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

Upon a proper motion via either avenue, the Court may, "[a]fter 'considering the factors set forth in section 3553(a) . . . reduce the prisoner's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction' or if the '[prisoner] is at least 70 years of age,' has 'served at least 30 years,' and meets certain other conditions."  *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i), (ii)).  However, prisoners may not seek judicial relief before they have sought release under this statute from the prison warden.  "Even though [the] exhaustion requirement does

not implicate [the Court's] subject-matter jurisdiction, it remains a mandatory condition," and "[i]f the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf.  To do that, he must fully exhaust all administrative rights to appeal with the prison or wait 30 days after his first request to the prison."  *Id.* at 833-34 (quotations omitted).

Here, Burt submitted a request for compassionate release to the prison warden on May 8, 2020 which was denied on May 22, 2020.  His motion was filed on June 29, 2020.  Thus, he has exhausted his prison remedies under *Alam* by waiting 30 days after submitting his request before filing his motion in this court.

Further, Burt has advanced sufficiently compelling circumstances to warrant a sentence reduction.  "The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death. Because there is no current vaccine, the Centers for Disease Control and Prevention ("CDC") recommends preventative measures to decrease transmission such as physical distancing, mask wearing, and increasing focus on personal hygiene such as additional hand washing."  *Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). "The COVID-19 pandemic is extraordinary and unprecedented in modern times in this nation. It presents a clear and present danger to free society for reasons that need no elaboration."  *United States of America v. Ortiz*, No. 16-439, 2020 WL 3640582, at *2 (S.D.N.Y. July 6, 2020).  "[T]he crowded nature of federal detention centers presents an outsize risk that the COVID-19 contagion, once it gains entry, will spread. And, realistically, a high-risk inmate who contracts the virus while in prison will face challenges in caring for himself.  For these reasons, in the past months,

numerous [federal] courts . . . have ordered the temporary release of inmates held in pretrial or presentencing custody and, in more limited instances, the compassionate release of high-risk inmates serving federal sentences." *Ibid.* (collecting cases; footnotes omitted).  Burt is among those persons who may face an increased risk of severe consequences from potential COVID-19 infection.  *See* Coronavirus Disease 2019 (COVID-19), People Who Are At Risk for Severe Illness, Centers for Disease Control & Prevention (June 25, 2020), https://bit.ly/2WBcB16).

In addition, consideration of the factors under 18 U.S.C. § 3582(c)(1)(A) warrant an early release.  He has also served a substantial portion of his sentence for a non-violent offense, has maintained good behavior during his incarceration, has a stable home environment to return to, and does not pose a danger to the community.

III.

Accordingly, it is **ORDERED** that the defendant's motion for compassionate release (ECF No. 449) is **GRANTED**.

It is further **ORDERED** that the defendant's term of custody is **REDUCED** to time served plus fourteen days, to permit a pre-release quarantine in BOP custody.  Upon release, the defendant must self-quarantine for an additional period of two weeks.  The Court will enter an amended judgment and commitment.

s/David M. Lawson<br>DAVID M. LAWSON<br>United States District Judge

Dated:   July 15, 2020